UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARDUINO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:15-cv-10181 |
| v. | ) |
| | ) |
| ARDUINO S.R.L. f/k/a SMART PROJECTS S.R.L.; GHEO SA; CC LOGISTICS, LLC; MAGYC NOW LTD; DOG HUNTER INC.; DOG HUNTER LLC; DOG HUNTER AG; TULYP HOLDING SA; GIANLUCA MARTINO; FEDERICO MUSTO; and DOES 1-10., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 8, Defendants Gheo SA ("Gheo"), CC Logistics LLC ("CC Logistics"), Dog Hunter LLC ("Dog Hunter") and Federico Musto ("Musto") (collectively, the "Defendants"), in answer to the numbered paragraphs set forth in the First Amended Complaint (the "Complaint") filed by Plaintiff Arduino LLC (the "Plaintiff") on April 23, 2015, respond as follows:

## NATURE OF THE CASE

1. – 4.  The allegations contained in Paragraphs 1 through 4 purport to describe the claims in the Complaint, and require no answer. To the extent that an answer is required, Defendants deny that the Complaint states viable claims and that the Plaintiff is entitled to any relief.

## **THE PARTIES**

5. Defendants admit that public records show Arduino LLC to be organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Cambridge, Massachusetts.

6. Defendants admit that Arduino S.R.L. f/k/a SmartProjects S.R.L ("Smart Projects") is an Italian corporation with a principal place of business in Scarmagno, Italy.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore deny the same.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit that Dog Hunter AG is a Swiss Corporation with a principal place of business in Zug, Switzerland.  Defendants state that the remaining allegations contained in Paragraph 12 define an internal reference to which no response is required.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore deny the same.

14. Defendants admit that Gianluca Martino ("Martino") at various points in time has been an owner of Gheo and has controlled certain actions of Gheo and Smart Projects. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14, and therefore deny the same.

15. Defendants admit that Federico Musto ("Musto") is the Chairman of the Board of Smart Projects, manager of CC Logistics, record member of Gheo, record president of the board

of directors for Dog Hunter AG; and the record president of Tulyp. Defendants deny all other allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

## JURISDICTION AND VENUE

17 — 32. Defendants state that the allegations contained in Paragraphs 17 through 32 assert legal conclusions to which no response is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. The ARDUINO Trademark**

33. — 37. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraphs 33 through 37, and therefore deny the same.

38. Defendants state that the allegations contained in Paragraph 38 describe an internal reference, which requires no response.

39. Defendants admit that there was a project at IDII referred to by those participating as "Arduino." Defendants also admit that each of the individuals listed in Paragraph 39 played some role in developing the project, but deny that Paragraph 39 lists all founders of the project. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39, and therefore deny the same.

40. Defendants admit that the goal of the project was to create an easy-to-use electronics prototyping platform, and that the microcontroller boards ("Boards") were released as open-source hardware. Defendants deny the remaining allegations contained in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 41, and therefore deny the same.

42. Defendants admit that Massimo Banzi ("Banzi") did not sell any boards bearing the ARDUINO mark. Defendants otherwise lack knowledge or information sufficient to form a

belief regarding the truth of the remaining allegations contained in Paragraph 42, and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 43, and therefore deny the same.

44. Defendants admit that Cuartialles secured the domain ARDUINO.CC in 2005, but deny the remaining allegations contained in Paragraph 44.

**B. The Smart Projects Manufacturing Contract**

45. Defendants admit that Martino was part owner of SmartProjects S.r.l. ("Smart Projects") and its predecessor, which owned manufacturing facilities. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 45, and therefore deny the same.

46. Defendants admit that Smart Projects served as a manufacturer for several projects at IDII, including some in which Banzi was involved.

47. Defendants admit that in 2005, Smart Project began making and selling Boards with the ARDUINO mark, but deny the remainder of the allegations contained in the first sentence of Paragraph 47. Defendants admit that some Boards were sold in Italy and Sweden, and that the remaining Boards were sold to entities who expressed an early interest in ARDUINO boards.

48. Defendants admit the allegations contained in Paragraph 48.

## C. The Partnership

49.     Defendants admit that Martino was centrally involved in the Arduino project and state that he was integral to design, manufacturing, distribution, sales and other functions of the project. Defendants deny the remainder of the allegations contained in Paragraph 49.

50.     Defendants admit that Martino was involved in discussions with the other individuals identified in Paragraph 50 as to how to best rationalize production of the Arduino Boards and related products. Defendants further admit that it was eventually agreed that certain payments would be made to the individuals listed in Paragraph 50. Defendants deny the remaining allegations contained in Paragraph 50.

51. — 52.     Defendants deny that the emails referenced in Paragraphs 51 and 52 attached to the Complaint as **Exhibits B, C** and **D** are complete and accurate copies, and therefore deny the allegations contained in Paragraphs 51 and 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants admit that Smart Projects sold Boards in the United States continuously since 2005, either directly or through distributors.

56.—61.     Defendants deny the allegations contained in Paragraphs 56 to 61.

62.     Defendants admit that the referenced individuals engaged in email discussions about various business issues, but deny the remainder of the allegations contained in Paragraph 62.

63.     Defendants admit that Smart Projects continued to sell Boards. Defendants admit that the referenced individuals engaged in discussions about various business issues, but deny the remainder of the allegations contained in the second sentence of Paragraph 63. Defendants admit that the referenced individuals invoiced Smart Projects for software development,

technical assistance, and marketing in the United States, and that Smart Projects paid certain invoices.  Defendants deny the remaining allegations contained in Paragraph 63.

### D. The Creation of Arduino, LLC

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.    Defendants admit that public records show Arduino LLC to be a Massachusetts limited liability company, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 65. Defendants further state that the operating agreement of Arduino LLC speaks for itself.

66.    Defendants admit that Banzi and Martino were represented in the LLC by the 40% ownership of Tinker.it!, but deny the allegations contained in the second sentence of Paragraph 66.

67.    Defendants admit that the referenced individuals invoiced Smart Projects for software development, technical assistance and marketing in the United States, and that Smart Projects paid certain invoices.  Defendants also admit that following the creation of Arduino LLC, the invoices for services were issued by Arduino LLC, and that the invoicing took place more frequently.

68.    Defendants deny the allegations contained in Paragraph 68.

69.    Defendants admit that Tinker.it! represented Martino's ownership interest, but state that the remaining allegations contained in Paragraph 69 assert legal conclusions to which no response is required.

70.    Defendants admit that sales grew during this period.

71. — 74.   Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 71 through 74, and therefore deny the same.

75.   Defendants admit that in 2008 demand grew, and that the identified individuals engaged in discussions about various business issues.  Defendants deny the remaining allegations contained in Paragraph 75.

**E. Defendants' Usurpation of the ARDUINO Trademark**

76.   Defendants admit that Smart Projects filed the referenced Italian application, and received the referenced Italian trademark registration.  Defendants deny all other allegations contained in Paragraph 76.

77.   Defendants admit that according to United States Patent and Trademark Office records, Plaintiff filed the referenced application.  Defendants deny all other allegations contained in Paragraph 77.

78.   Defendants admit that Smart Projects relied on its Italian Application as the basis for the referenced international registration, which was extended to various jurisdictions including the EU, and that Smart Project filed trademark applications in other jurisdictions as well.  Defendants state that the remaining allegations contained in Paragraph 78 define an internal reference to which no response is required.

79. — 82.   Defendants deny the allegations contained in Paragraphs 79 through 82.

83.   Defendants admit that the referenced individuals continued to engage in discussions with Smart Projects about various business issues, but deny the remainder of the allegations contained in Paragraph 83.

84.   Defendants admit that Smart Projects manufactured various new products. Defendants deny all other allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants admit that Arduino LLC invoiced Smart Projects for software development, technical assistance and marketing in the United States, and that Smart Projects paid those invoices. Defendants deny all other allegations contained in Paragraph 87.

88. Defendants admit that Smart Projects has sold ARDUINO-branded projects through distributors and sub-distributors, and that CC Logistics and Magyc are amongst those entities. Defendants also admit that Musto is the manager of CC Logistics and the record member of Gheo. Defendants deny the remaining allegations contained in Paragraph 88.

89. Defendants admit that Smart Projects has stopped paying Arduino LLC for software development, technical assistance, and marketing in the United States, but otherwise deny the allegations contained in Paragraph 89.

90. Defendants admit that Musto is an officer, and an indirect investor through other entities in Smart Projects. Defendants deny all other allegations contained in Paragraph 90.

91. Defendants admit that Musto is an officer, and an indirect investor through other entities in Smart Projects. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 due to the unspecified nature of the representation referenced therein, and therefore deny the same.

92. Defendants admit that Musto is the president of the board of Smart Projects and that he has given interviews to the press stating the same. Defendants also state that Smart Projects is the rightful owner of any and all ARDUINO and ARDUINO-formative marks. Defendants deny all other allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. — 97. Defendants deny the allegations contained in Paragraphs 95 through 97.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore deny the same.

99. Defendants deny the allegations contained in the first sentence of Paragraph 99. Defendants state that the allegations contained in the second sentence of Paragraph 99 define an internal reference, which requires no response.

100. Defendants deny the allegations contained in Paragraph 100.

**F. Extraterritorial Activities**

101. Defendants state that the letter attached to the Complaint at **Exhibit I** speaks for itself.

102. Defendants admit that Smart Projects has since 2005 continuously and exclusively sold products bearing ARDUINO or ARDUINO-formative marks in commerce throughout the United States and across the world, directly or through authorized entities. Defendants deny all other allegations contained in Paragraph 102.

103. Defendants admit that Smart Projects has refused to assign its non-US registrations to Arduino because Smart Projects is the rightful owner of all ARDUINO marks.

104. - 106. Defendants deny the allegations contained in Paragraphs 104 to 106.

**G. <u>Arduino Copyrights</u>**

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and therefore deny the same.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and therefore deny the same.

109.    Defendants state that the allegations in Paragraph 109 assert legal conclusions, to which no response is required.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and therefore deny the same.

111.    Defendants deny the allegations contained in Paragraph 111.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, and therefore deny the same.

114.    Defendants deny the allegations contained in Paragraph 114.

## CAUSES OF ACTION

## COUNT I

### Declaration of Trademark Ownership

### (Against All Defendants)

115.    Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116.

117.    Defendants deny the allegations contained in Paragraph 117.

118.    Defendants admit the allegations contained in Paragraph 118.

119.    Defendants admit the allegations contained in Paragraph 119.

120.    Defendants state that the allegations in Paragraph 120 assert legal conclusions to which no response is required.

121.    Defendants state that the allegations contained in Paragraph 121 purport to describe the relief Plaintiff seeks, and require no response. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief.


## COUNT II

### Trademark Infringement Under 15 U.S.C.§ 1114,

### Section 32 of the Lanham Act

### (Against All Defendants)

122.   Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

123.—129.   Defendants deny the allegations contained in Paragraphs 123 through 129.

## COUNT III

### Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a),

### Section 43(a) of the Lanham Act

### (Against All Defendants)

130.   Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

131.—136.   Defendants deny the allegations contained in Paragraphs 131 through 136.

## COUNT IV

### Unfair Business Practices Under Mass. Gen. Laws., ch.93A

### (Against All Defendants)

137.   Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

138.   Defendants state that the allegations contained in Paragraph 138 state legal conclusions to which no response is required.

139.   Defendants state that the allegations contained in Paragraph 139 state legal conclusions to which no response is required.  To the extent a response is required,

Defendants deny that they have engaged in unfair and/or deceptive acts of competition in violation of Massachusetts law.

140.—142.   Defendants deny the allegations contained in Paragraphs 140 through 142.

## COUNT V

## Trademark Infringement under Massachusetts Common Law

## (Against All Defendants)

143.   Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

144.   Defendants deny the allegations contained in Paragraph 144.

145.   Defendants state that the allegations contained in Paragraph 145 assert legal conclusions to which no response is required.

146.— 148.   Defendants deny the allegations contained in Paragraphs 146 to 148.

## COUNT VI

## Copyright Infringement Under the Copyright Act

## (Against All Defendants)

149.   Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

150.   Defendants deny the allegations contained in Paragraph 150.

151.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and therefore deny the same.

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, and therefore deny the same.

153.   Defendants deny the allegations contained in Paragraph 153.

154. Defendants deny the allegations contained in Paragraph 154.

## COUNT VII Breach of Contract

### (Against Gianluca Martino, Smart Projects and Federico Musto)

155. Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156.

157. Defendants admit the allegations contained in Paragraph 157.

158. Defendants admit that the rights to the Foreign Trademark Applications were not assigned to the individuals referred to in the Complaint as the "Founders" or to Arduino LLC. Defendants deny all other allegations contained in Paragraph 158.

159. – 161.   Defendants deny the allegations contained in Paragraphs 159 to 161.

## COUNT VIII Breach of Contract

### (Against Gianluca Martino, Smart Projects, Gheo SA, and Federico Musto)

162. Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants admit that Smart Projects has stopped paying Arduino LLC for software development, technical assistance, and marketing in the United States. Defendants deny all other allegations contained in Paragraph 165.

166. – 168.    Defendants deny the allegations contained in Paragraphs 166 to 168.

## COUNT IX-X

169—186. Defendants state that the allegations contained in Paragraphs 169 to 186 describe claims that are not brought against the answering Defendants and therefore require no response.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants reserve the right to add defenses that may be supported by the facts upon completion of discovery.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Invalidity of U.S. Trademark Registrations

Plaintiff's U.S. Trademark Registrations No. 3,931,675 and No. 4,113,794 are void, subject to cancellation and otherwise invalid.

## THIRD AFFIRMATIVE DEFENSE

### Laches

Plaintiff's claims are barred by laches in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, against Defendants, resulting in prejudice to Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### Waiver

Each of the purported claims set forth in the Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### Acquiescence

Each of the purported claims set forth in the Complaint is barred in whole or in part due to the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

### Estoppel

Each of the purported claims set forth in the Complaint is barred in whole or in part by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### Abandonment – Failure to Police

Each of the purported claims set forth in the Complaint is barred by the doctrine of abandonment, including without limitation, through Plaintiff's failure to adequately police the use of its alleged trademarks.

### COUNTERCLAIM BY CC LOGISTICS LLC AND DOG HUNTER LLC

Pursuant to Fed. R. Civ. P. 13, Defendants/Counterclaimants CC Logistics LLC ("CC Logistics"), and Dog Hunter LLC ("Dog Hunter") against Plaintiff/Counterclaim Defendant Arduino LLC state and allege as follows:

### PARTIES

1.     Defendant/Counterclaimant CC Logistics is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

2.      Defendant/Counterclaimant Dog Hunter is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

3.      Upon information and belief, Plaintiff/Counterclaim Defendant Arduino LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Cambridge, Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201 et seq.

5.      This Court has personal jurisdiction over Plaintiff/Counterclaim Defendant Arduino LLC by, *inter alia,* Arduino LLC's filing of its Complaint.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) with regard to this counterclaim.

## FACTUAL BACKROUND

7.      Beginning in 2005, Arduino S.R. L f/k/a SmartProjects S.R.L ("Smart Projects") has continuously and exclusively sold products bearing ARDUINO or ARDUINO-formative marks in commerce in the United States and across the world, directly or through authorized entities.

8.      Through its continued and exclusive use of ARDUINO marks in commerce, Smart Projects has developed senior rights in all ARDUINO trademarks.

9.      Smart Projects owns valid registrations for ARDUINO trademarks in more than forty countries, as well as a Trademark Registration No. 1028190 for the European Community (the "CTM"), where almost all products bearing ARDUINO trademarks are manufactured.

10. Magyc Now Ltd. ("Magyc") engages distributors to sell products bearing ARDUINO marks pursuant to a valid license from Smart Projects.

11. Defendant/Counterclaimant CC Logistics distributes products bearing ARDUINO marks in the United States, pursuant to a valid sublicense from Magyc.

12. Defendant/Counterclaimant Dog Hunter sells products bearing the ARDUINO YUN mark in the United States, as an online retailer for CC Logistics.

13. Upon information and belief, Arduino LLC has never sold any products in the United States bearing ARDUINO marks. In addition, Arduino LLC has never exercised any quality control on products bearing ARDUINO marks, nor directed any entity in the manufacture of such products or the affixation of ARDUINO marks.

14. On April 7, 2009, Arduino LLC caused to be filed United States Trademark Application Number 77/708,806 for the ARDUINO character mark for electronic circuit boards. On the basis of this application, on March 15, 2011, the U.S. Patent and Trademark Office issued U.S. Registration Number 3,931,675 to Arduino LLC for the ARDUINO character mark.

15. On October 4, 2010, Arduino LLC caused to be filed United States Trademark Application Number 85/144,567 for the ARDUINO character mark and infinity design for electronic circuit boards. On the basis of this application, on March 15, 2011, the U.S. Patent and Trademark Office issued U.S. Registration Number 3,931,675 to Arduino LLC for the ARDUINO standard character mark and for the Infinity Design.

16. Arduino LLC is not the rightful owner of any ARDUINO marks, including the registered marks identified in Paragraphs 14 and 15 (the "Registered Marks").

17. On October 3, 2014, Smart Projects initiated a proceeding before the Trademark Trial and Appeal Board seeking that Arduino LLC's Registered Marks be cancelled. *Smart Projects S.r.l v. Arduino, LLC*, Cancellation No. 92060077 (TTAB).

## COUNT I

## Declaration of Invalidity and Non-Infringement
## of Arduino LLC's Trademark Rights

18. Defendants/Counterclaimants repeat and re-allege each of the allegations set forth in Paragraphs 1-17 of its Counterclaim as though fully set forth herein.

19. An actual, present and justiciable controversy has arisen between Arduino LLC on one side, and Smart Projects and the Defendants/Counterclaimants on the other, concerning the ownership of the ARDUINO trademarks, including the ownership of the Registered Marks.

20. Defendants/Counterclaimants seek a declaratory judgment that they are not infringing on Arduino LLC's Registered Marks to the extent that such marks are deemed invalid and cancelled.

21. In the alternative, even if Arduino LLC's registrations are not cancelled, Defendants/Counterclaimants seek a declaratory judgment that they are not infringing on Arduino LLC's marks because they are lawful importers of products bearing ARDUINO marks, over which Arduino LLC exercises no control, pursuant to the license under the CTM and other European trademark registrations, and that any goodwill or other benefit due to Defendants/Counterclaimants' importation of products bearing ARDUINO marks inured and inures to Smart Projects.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request the Court to enter a judgment in their favor and against Plaintiff as follows:

A. Denial of each and every relief requested by Plaintiff in its Complaint;

B. Declaration that they are not infringing on Plaintiff's marks, either due to cancellation of Plaintiff's Registered Marks; or in the alternative, because Defendants are lawful importers of products bearing ARDUINO marks with European registrations, over which Plaintiff exercises no control;

C. An award to Defendants of their reasonable attorneys' fees;

D. An award of costs; and

E. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Defendants/Counterclaimants hereby demand a trial by jury on all claims, defenses and counterclaims so triable.

Respectfully submitted,

GHEO SA,
CC LOGISTICS,
FEDERICO MUSTO, and
DOG HUNTER LLC

By their attorneys,

/s/ Shrutih V. Ramlochan-Tewarie
Michael P. Boudett, BBO No. 558757
Shrutih Ramlochan-Tewarie, BBO No. 685467
Nicole Kinsley, BBO No. 682528
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
mboudett@foleyhoag.com
nkinsley@foleyhoag.com
stewarie@foleyhoag.com

May 7, 2015

### Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 7th day of May, 2015.

/s/ Shrutih V. Ramlochan-Tewarie
Shrutih V. Ramlochan-Tewarie