**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARDUINO, LLC,<br><br>*Plaintiff*,<br><br>-v-<br><br>ARDUINO S.R.L. f/k/a SMART PROJECTS S.R.L.; GHEO SA; CC LOGISTICS, LLC; MAGYC NOW LTD; DOG HUNTER INC.; DOG HUNTER LLC; DOG HUNTER AG; TULYP HOLDING SA; GIANLUCA MARTINO; FEDERICO MUSTO; and DOES 1-10,<br><br>*Defendants*. | Civil Action No.: 1:15-cv-10181-DJC |

**JOINT LOCAL RULE 16.1 STATEMENT**

Arduino, LLC ("Arduino" or "Plaintiff") and Defendants Gheo SA ("Gheo"), CC Logistics LLC ("CC Logistics"), Dog Hunter LLC ("Dog Hunter"), and Federico Musto ("Musto") (collectively, the "Defendants"), submit this Joint Statement pursuant to Local Rule 16.1 and the Court's Notice of Scheduling Conference (Dkt. 27).

**I. Concise Statement Of The Parties' Positions On Liability And Relief Sought**

a. Plaintiff's Position

Plaintiff's position on liability is a simple one. In sum, a group of software/hardware designers/developers created a product in 2005, named it ARDUINO, and teamed up with defendant manufacturer to commercialize the product. After years of a stable licensing relationship, the manufacturer, under the influence of and with the assistance of the other defendants, is now claiming ownership of the entire ARDUINO

brand. Plaintiffs' seek to end this usurpation of its brand and to be declared the rightful owner of the ARDUINO mark.

The Complaint in the matter contains ten counts, including, counts for federal and common law trademark infringement, unfair competition, copyright infringement, breach of contract, and breach of fiduciary duty.

Plaintiff in this case requests relief including in the following forms:

- Declaration of trademark ownership;
- Order enjoining Defendant's use of Plaintiff's ARDUINO Marks and copyrights;
- Order assigning all foreign applications and registrations for the ARDUINO Marks to Plaintiff;
- Transfer of the www.arduino.org domain to Plaintiff;
- Return of all infringing materials to Plaintiff;
- An accounting of profits based on the infringing materials; and
- Award of Plaintiff's reasonable attorneys' fees and costs.

b. Defendants' Position

Defendants state that CC Logistics, Gheo SA and Dog Hunter are lawful distributors of products bearing valid ARDUINO and ARDUINO-formative marks imported under valid European registrations. Defendants further state that plaintiff Arduino LLC has no enforceable rights because at least up until the filing of the complaint in this matter, Arduino LLC never sold any products in the United States bearing ARDUINO marks, never exercised any quality control on products bearing ARDUINO marks, and never directed any entity in the manufacture of such products or

the affixation of ARDUINO marks. Defendants also state that Arduino LLC never entered into a trademark license with Arduino S.R.L. f/k/a Smart Projects S.R.L., and Defendants deny that they ever paid a trademark royalty to Arduino LLC.

Defendants also note that some of the issues raised by plaintiff in this action are already being litigated in two prior filed actions, one of which is pending before an Italian court, and the other is pending before the United States Trademark Trial and Appeal Board.

## II. Agenda Of Matters To Be Discussed At The Scheduling Conference

1. Regarding the unserved defendants:

   a. Discuss possibility of alternate service of Arduino SRL in the interest of efficiency. The Hague process has been started, and it is only a matter of time.

   b. Plaintiff is willing to dismiss the remaining unserved defendants (excluding Arduino SRL) without prejudice as long as it retains the option to rejoin same to this case (without having to file separate action and request for consolidation) if it finds in discovery that the unserved entities have specific involvement in this case—Magyc Now Ltd, Dog Hunter AG, Tulyp SA, and Dog Hunter Inc.

2. Jurisdictional challenges by Gianluca Martino and Arduino SRL:

   a. Timing of response to Complaint, Defendants seek to extend Gianluca Martino's time to respond until 21 days after Arduino SRL has been served.

## III. Joint Proposed Schedule

a. The parties stipulate to the following pre-trial schedule and submit it for the Court's consideration:

i. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1): July 16, 2015

ii. Joinder of additional parties: August 21, 2015

iii. Other amendments to the pleadings: August 21, 2015.

iv. Close of fact discovery: March 15, 2016

v. The party with the burden of proof on an issue shall identify any expert(s) on that issue (including the disclosure of previous testimony and publications required by Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v)): March 15, 2016.

vi. The party with the burden of proof shall serve expert reports, if required, pursuant to Fed. R. Civ. P. 26(a)(2)(B): April 15, 2016

vii. Rebuttal expert reports: May 15, 2016

viii. Close of expert discovery: June, 15, 2016

ix. Deadline for filing dispositive motions: August 15, 2016

b. Defendants note that the joint proposal schedule of the parties may need to be revisited depending on whether additional named defendants are served with process and/or become subject to discovery, and reserve the right to seek an extension on this basis.

## IV. Other Discovery Matters

a. The parties do not seek to phase discovery at this time.

b. The parties do not consent to trial by magistrate judge.

c. Electronic Discovery

i. The parties will comply with the Federal Rules of Civil Procedure and agree to negotiate in good faith, early in discovery, to reach a complete ESI discovery plan to include the form of electronic documents and the sources to be searched.

d. Confidentiality/Protective Order

i. The parties further agree to negotiate a confidentiality agreement and proposed protective order for entry by this Court.

e. Inadvertent Production of Privileged Material

i. The parties request the Court enter an order concerning the inadvertent production of privileged or otherwise protected material as follows:

Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation support or other database. No use shall be made of such documents during depositions or at trial and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy. The party returning such documents may

move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

**Settlement**

The parties have exchanged written settlement proposals prior to this action, and remain in ongoing negotiations, but have not yet been able to resolve the controversy.

Dated: July 17, 2015

Respectfully submitted,

_/s/ Michael P. Boudett____________
Michael P. Boudett BBO#558757
Shrutih V. Ramlochan-Tewarie BBO#685467
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Email: mboudett@foleyhoag.com
Email: stewarie@foleyhoag.com

*Attorneys for Defendants*

___/s/ John L. Welch_______
John L. Welch BBO#522040
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
Telephone: (617) 646-8000
Email: John.Welch@WolfGreenfield.com

Martin B. Schwimmer (*pro hac vice*)
Victoria Polidoro (*pro hac vice*)
Lori L. Cooper (*pro hac vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Email: Schwimmer@LeasonEllis.com
Email: Polidoro@LeasonEllis.com
Email: Cooper@LeasonEllis.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ John L. Welch
John L. Welch