UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                  )
ARDUINO, LLC,                                     )
                                                  )
                                                  )
                       Plaintiff,                 )
                                                  )
                                                  )    Civil Action No. 1:15-cv-10181
            v.                                    )
                                                  )
ARDUINO S.R.L. f/k/a SMART PROJECTS               )
S.R.L.; GHEO SA; CC LOGISTICS, LLC;               )
MAGYC NOW LTD; DOG HUNTER INC.;                   )
DOG HUNTER LLC; DOG HUNTER AG;                    )
TULYP HOLDING SA;                                 )
GIANLUCA MARTINO; FEDERICO MUSTO;                 )
and DOES 1-10,                                    )
                                                  )
                       Defendants.                )
_____          )


**ANSWER TO FIRST AMENDED COMPLAINT**


Pursuant to Fed. R. Civ. P. 8, Defendant Gianluca Martino ("Defendant"), in answer to

the numbered paragraphs set forth in the First Amended Complaint (the "Complaint") filed by

Plaintiff Arduino LLC (the "Plaintiff") on April 23, 2015, responds as follows:

**NATURE OF THE CASE**

1. – 4.  The allegations contained in Paragraphs 1 through 4 purport to describe the claims

in the Complaint, and require no answer.  To the extent that an answer is required, Defendant

denies that the Complaint states viable claims and that the Plaintiff is entitled to any relief.

1

## THE PARTIES

5.      Defendant admits that public records show Arduino LLC to be organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Cambridge, Massachusetts.

6.      Defendant admits that Arduino S.R.L. f/k/a SmartProjects S.R.L ("Smart Projects") is an Italian corporation with a principal place of business in Scarmagno, Italy.

7.      Defendant admits the allegations contained in Paragraph 7.

8.      Defendant admits the allegations contained in Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10.     Defendant denies the allegations contained in Paragraph 10.

11.     Defendant admits the allegations contained in Paragraph 11.

12.     Defendant admits that Dog Hunter AG is a Swiss Corporation with a principal place of business in Zug, Switzerland.  Defendant states that the remaining allegations contained in Paragraph 12 define an internal reference to which no response is required.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14.     Defendant admits that he is an Italian citizen residing in Switzerland, and that at various points in time he has been an owner of and has controlled certain actions of Gheo and Arduino S.r.l. f/k/a SmartProjects S.r.l. ("Smart Projects").  Defendant denies the remaining allegations contained in Paragraph 14.

15.     Defendant admits that Federico Musto ("Musto") is the Chairman of the Board of Smart Projects, manager of CC Logistics, record member of Gheo, record president of the board

2

of directors for Dog Hunter AG; and the record president of Tulyp.   Defendant denies all other

allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

## JURISDICTION AND VENUE

17 — 32.     Defendant states that the allegations contained in Paragraphs 17 through 32 assert

legal conclusions to which no response is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. The ARDUINO Trademark

33. — 37.     Defendant lacks knowledge or information sufficient to form a belief regarding

the truth of the allegations contained in Paragraphs 33 through 37, and therefore denies the same.

38.     Defendant states that the allegations contained in Paragraph 38 describe an

internal reference, which requires no response.

39.     Defendant admits that there was a project at IDII referred to by those participating

as "Arduino." Defendant also admits that each of the individuals listed in Paragraph 39 played

some role in developing the project, but denies that Paragraph 39 lists all founders of the project.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 39, and therefore denies the same.

40.     Defendant admits that the goal of the project was to create an easy-to-use

electronics prototyping platform, and that the microcontroller boards ("Boards") were released as

open-source hardware.  Defendant denies the remaining allegations contained in Paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief regarding

the truth of the allegations contained in Paragraph 41, and therefore denies the same.

42.     Defendant admits that Massimo Banzi ("Banzi") did not sell any boards bearing

the ARDUINO mark.  Defendant otherwise lacks knowledge or information sufficient to form a

belief regarding the truth of the remaining allegations contained in Paragraph 42, and therefore denies the same.

43.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44.     Defendant admits that Cuartialles secured the domain ARDUINO.CC  in 2005, but denies the remaining allegations contained in Paragraph 44.

**B. The Smart Projects Manufacturing Contract**

45.     Defendant admits that he met Banzi in or around 2004.   Defendant also admits that he was part owner of SmartProjects S.r.l. and its predecessor, which owned manufacturing facilities.  Defendant denies the remaining allegations contained in Paragraph 45.

46.     Defendant admits that Smart Projects served as a manufacturer for several projects at IDII, including some in which Banzi was involved.

47.      Defendant admits that in 2005, Smart Project began making and selling Boards with the ARDUINO mark, but denies the remainder of the allegations contained in the first sentence of Paragraph 47.  Defendant admits that some Boards were sold in Italy and Sweden, and that the remaining Boards were sold to entities who expressed an early interest in ARDUINO boards.

48.     Defendant admits the allegations contained in Paragraph 48.

C. **The Partnership**

49.     Defendant admits that he was centrally involved in the Arduino project and states that he was integral to design, manufacturing, distribution, sales and other functions of the project.  Defendant denies the remainder of the allegations contained in Paragraph 49.

50.     Defendant admits that he was involved in discussions with the other individuals identified in Paragraph 50 as to how to best rationalize production of the Arduino Boards and related products.  Defendant further admits that it was eventually agreed that certain payments would be made to the individuals listed in Paragraph 50.  Defendant denies the remaining allegations contained in Paragraph 50.

51. — 52.     Defendant denies that the emails referenced in Paragraphs 51 and 52 attached to the Complaint as **Exhibits B, C** and **D** are complete and accurate copies, and therefore denies the allegations contained in Paragraphs 51 and 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant admits that Smart Projects sold Boards in the United States continuously since 2005, either directly or through distributors.

56.—61.     Defendant denies the allegations contained in Paragraphs 56 to 61.

62.     Defendant admits that the referenced individuals engaged in email discussions about various business issues, but denies the remainder of the allegations contained in Paragraph 62.

63.     Defendant admits that Smart Projects continued to sell Boards.  Defendant admits that the referenced individuals engaged in discussions about various business issues, but denies the remainder of the allegations contained in the second sentence of Paragraph 63.  Defendant admits that the referenced individuals invoiced Smart Projects for software development,

technical assistance, and marketing in the United States, and that Smart Projects paid certain invoices.  Defendant denies the remaining allegations contained in Paragraph 63.

**D. <u>The Creation of Arduino, LLC</u>**

64.     Defendant is without knowledge or information sufficient to form a belief  as to the truth of the allegations contained in Paragraph 64.

65.     Defendant admits that public records show Arduino LLC to be a Massachusetts limited liability company, but is without knowledge or information sufficient to form a belief  as to the truth of the remaining allegations contained in the first sentence of Paragraph 65. Defendant further states that the operating agreement of Arduino LLC speaks for itself.

66.     Defendant admits that he and Banzi were represented in the LLC by the 40% ownership of Tinker.it!, but denies the allegations contained in the second sentence of Paragraph 66.

67.     Defendant admits that the referenced individuals invoiced Smart Projects for software development, technical assistance and marketing in the United States, and that Smart Projects paid certain invoices.  Defendant also admits that following the creation of Arduino LLC, the invoices for services were issued by Arduino LLC, and that the invoicing took place more frequently.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant admits that Tinker.it! represented his ownership interest, but states that the remaining allegations contained in Paragraph 69 assert legal conclusions to which no response is required.

70.     Defendant admits that sales grew during this period.

71. — 74.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 71 through 74, and therefore denies the same.

75.     Defendant admits that in 2008 demand grew, and that the identified individuals engaged in discussions about various business issues.  Defendant denies the remaining allegations contained in Paragraph 75.

**E. Defendant' Usurpation of the ARDUINO Trademark**

76.     Defendant admits that Smart Projects filed the referenced Italian application, and received the referenced Italian trademark registration.  Defendant denies all other allegations contained in Paragraph 76.

77.     Defendant admits that according to United States Patent and Trademark Office records, Plaintiff filed the referenced application.  Defendant denies all other allegations contained in Paragraph 77.

78.     Defendant admits that Smart Projects relied on its Italian Application as the basis for the referenced international registration, which was extended to various jurisdictions including the EU, and that Smart Project filed trademark applications in other jurisdictions as well.  Defendant states that the remaining allegations contained in Paragraph 78 define an internal reference to which no response is required.

79. — 82.     Defendant denies the allegations contained in Paragraphs 79 through 82.

83.     Defendant admits that the referenced individuals  continued to engage in discussions with Smart Projects about various business issues, but denies the remainder of the allegations contained in Paragraph 83.

84.     Defendant admits that Smart Projects manufactured various new products. Defendant denies all other allegations contained in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant admits that Arduino LLC invoiced Smart Projects for software development, technical assistance and marketing in the United States, and that Smart Projects paid those invoices.  Defendant denies all other allegations contained in Paragraph 87.

88.     Defendant admits that Smart Projects has sold ARDUINO-branded projects through distributors and sub-distributors, and that CC Logistics and Magyc are amongst those entities.  Defendant also admits that Musto is the manager of CC Logistics and the record member of Gheo.   Defendant denies the remaining allegations contained in Paragraph 88.

89.     Defendant admits that Smart Projects has stopped paying Arduino LLC for software development, technical assistance, and marketing in the United States, but otherwise denies the allegations contained in Paragraph 89.

90.     Defendant admits that Musto is an officer, and an indirect investor through other entities in Smart Projects.  Defendant denies all other allegations contained in Paragraph 90.

91.     Defendant admits that Musto is an officer, and an indirect investor through other entities in Smart Projects.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 due to the unspecified nature of the representation referenced therein, and therefore denies the same.

92.     Defendant admits that Musto is the president of the board of Smart Projects and that he has given interviews to the press stating the same.  Defendant also states that Smart Projects is the rightful owner of any and all ARDUINO and ARDUINO-formative marks.  Defendant denies all other allegations contained in Paragraph 92.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant denies the allegations contained in Paragraph 94.

95. — 97.     Defendant denies the allegations contained in Paragraphs 95 through 97.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore denies the same.

99.     Defendant denies the allegations contained in the first sentence of Paragraph 99. Defendant states that the allegations contained in the second sentence of Paragraph 99 define an internal reference, which requires no response.

100.     Defendant denies the allegations contained in Paragraph 100.

**F.  Extraterritorial Activities**

101.     Defendant states that the letter attached to the Complaint at **Exhibit I** speaks for itself.

102.     Defendant admits that Smart Projects has since 2005 continuously and exclusively sold products bearing ARDUINO or ARDUINO-formative  marks in commerce throughout the United States and across the world, directly or through authorized entities.  Defendant denies all other allegations contained in Paragraph 102.

103.     Defendant admits that Smart Projects has refused to assign its non-US registrations to Arduino because Smart Projects is the rightful owner of all ARDUINO marks.

104. - 106.     Defendant denies the allegations contained in Paragraphs 104 to 106.

**G. Arduino Copyrights**

107.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and therefore denies the same.

108.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and therefore denies the same.

109.    Defendant states that the allegations in Paragraph 109 assert legal conclusions, to which no response is required.

110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and therefore denies the same.

111.    Defendant denies the allegations contained in Paragraph 111.

112.    Defendant denies the allegations contained in Paragraph 112.

113.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, and therefore denies the same.

114.    Defendant denies the allegations contained in Paragraph 114.

## CAUSES OF ACTION
## COUNT I
## Declaration  of Trademark Ownership
## (Against  All Defendants)

115.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

116.    Defendant denies the allegations contained in Paragraph 116.

117.    Defendant denies the allegations contained in Paragraph 117.

118.    Defendant admits the allegations contained in Paragraph 118.

119.    Defendant admits the allegations contained in Paragraph 119.

120.    Defendant states that the allegations in Paragraph 120 assert legal conclusions to which no response is required.

121.    Defendant states that the allegations contained in Paragraph 121 purport to describe the relief Plaintiff seeks, and require no response. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT II
## Trademark Infringement Under 15 U.S.C.§ 1114,
## Section 32 of the Lanham Act
## (Against All Defendants)

122.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

123.—129.    Defendant denies the allegations contained in Paragraphs 123 through 129.

## COUNT III
## Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a),
## Section 43(a) of the Lanham Act
## (Against All Defendants)

130.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

131.—136.    Defendant denies the allegations contained in Paragraphs 131 through 136.

## COUNT IV
## Unfair Business Practices Under Mass. Gen. Laws., ch.93A
## (Against All Defendants)

137.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

138.    Defendant states that the allegations contained in Paragraph 138 state legal conclusions to which no response is required.

139.    Defendant states that the allegations contained in Paragraph 139 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that they have engaged in unfair and/or deceptive acts of competition in violation of Massachusetts law.

140.—142.    Defendant denies the allegations contained in Paragraphs 140 through 142.

## COUNT V
## Trademark Infringement under Massachusetts Common Law
## (Against All Defendants)

143.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

144.    Defendant denies the allegations contained in Paragraph 144.

145.    Defendant states that the allegations contained in Paragraph 145 assert legal conclusions to which no response is required.

146.— 148.    Defendant denies the allegations contained in Paragraphs 146 to 148.

## COUNT VI
## Copyright Infringement Under the Copyright Act
## (Against All Defendants)

149.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

150.    Defendant denies the allegations contained in Paragraph 150.

151.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and therefore denies the same.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, and therefore denies the same.

153.    Defendant denies the allegations contained in Paragraph 153.

154.    Defendant denies the allegations contained in Paragraph 154.

## COUNT VII
## Breach of Contract
## (Against Gianluca Martino, Smart Projects and Federico Musto)

155.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

156.    Defendant denies the allegations contained in Paragraph 156.

157.    Defendant admits the allegations contained in Paragraph 157.

158.    Defendant admits that the rights to the Foreign Trademark Applications were not assigned to the individuals referred to in the Complaint as the "Founders" or to Arduino LLC. Defendant denies all other allegations contained in Paragraph 158.

159. – 161.    Defendant denies the allegations contained in Paragraphs 159 to 161.

## COUNT VIII
## Breach of Contract
### (Against Gianluca Martino, Smart Projects, Gheo SA, and Federico Musto)

162.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163.

164.    Defendant denies the allegations contained in Paragraph 164.

165.    Defendant admits that Smart Projects has stopped paying Arduino LLC for software development, technical assistance, and marketing in the United States.  Defendant denies all other allegations contained in Paragraph 165.

166. – 168.    Defendant denies the allegations contained in Paragraphs 166 to 168.

## CAUSES OF ACTION
## COUNT  IX
## Breach of Fiduciary Duty
### (Against  Gianluca Martino)

169.    Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

170.    Defendant states that the allegations contained in Paragraph 170 assert legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 170.

171.—178.    Defendant denies the allegations contained in Paragraphs 171-178.

## COUNT X
### Breach of Fiduciary Duty
### TTAB Cancellation Proceedings
### (Against Gianluca Martino)

179.     Defendant repeats and incorporates by reference his responses to the preceding allegations of the Complaint.

180.     Defendant states that the allegations contained in Paragraph 180 assert legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 180.

181.—186.     Defendant denies the allegations contained in Paragraphs 181-186.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.  Defendant reserves the right to add defenses that may be supported by the facts upon completion of discovery.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Invalidity of U.S. Trademark Registrations

Plaintiff's U.S. Trademark Registrations No. 3,931,675 and No. 4,113,794 are void, subject to cancellation and otherwise invalid.

### THIRD AFFIRMATIVE DEFENSE

### Laches

Plaintiff's claims are barred by laches in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, against Defendant, resulting in prejudice to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### Waiver

Each of the purported claims set forth in the Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### Acquiescence

Each of the purported claims set forth in the Complaint is barred in whole or in part due to the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

### Estoppel

Each of the purported claims set forth in the Complaint is barred in whole or in part by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### Abandonment – Failure to Police

Each of the purported claims set forth in the Complaint is barred by the doctrine of abandonment, including without limitation, through Plaintiff's failure to adequately police the use of its alleged trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests the Court to enter a judgment in his favor and against Plaintiff as follows:

A.      Denial of each and every relief requested by Plaintiff in its Complaint;

B.      Declaration that he is not infringing on Plaintiff's marks;

C.      An award to Defendant of his reasonable attorneys' fees;

D.      An award of costs; and

E.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all claims and defenses so triable.

Respectfully submitted,

GIANLUCA MARTINO

By His Attorneys,

/s/ Shrutih V. Ramlochan-Tewarie
Michael P. Boudett, BBO No. 558757
Shrutih Ramlochan-Tewarie, BBO No. 685467
Nicole Kinsley, BBO No. 682528
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
mboudett@foleyhoag.com
nkinsley@foleyhoag.com
stewarie@foleyhoag.com

July 24, 2015

## Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 24th day of July, 2015.

/s/ Shrutih V. Ramlochan-Tewarie