**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARDUINO, LLC,<br><br>*Plaintiff*,<br><br>-v-<br><br>ARDUINO S.R.L. f/k/a SMART PROJECTS S.R.L.; GHEO SA; CC LOGISTICS, LLC; MAGYC NOW LTD; DOG HUNTER INC.; DOG HUNTER LLC; DOG HUNTER AG; TULYP HOLDING SA; GIANLUCA MARTINO; FEDERICO MUSTO; and DOES 1-10,<br><br>*Defendants*. | Civil Action No.: 1-15-cv-10181 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR ALTERNATE SERVICE ON DEFENDANT ARDUINO S.R.L.**

Plaintiff Arduino, LLC ("Plaintiff" or "Arduino"), hereby moves for an Order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure ("FRCP"), permitting service of the Summons and Complaint upon defendant Arduino S.r.l. f/k/a Smart Projects S.r.l. ("SRL"), an Italian company, by serving its United States counsel Paolo A. Strino of Gibbons P.C. and/or Michael P. Boudett of Foley Hoag LLP at their respective offices in New York City and Boston.

**BACKGROUND AND FACTS**

Despite repeated requests from Plaintiff, SRL refuses to authorize its counsel to accept service in this action other than through the cumbersome Hague Convention process, even though the co-defendants that control the SRL, namely its principal owner, parent company, and its major officers, have all been served and are represented by the same counsel in this action.

This lawsuit involves allegations of trademark infringement under the Lanham Act and Massachusetts common law, among other counts. SRL is an Italian corporation with a principal place of business in Scarmagno, Italy. (Dkt. 23 at ¶ 6; Dkt. 24 at ¶ 6.) SRL is an important defendant because, inter alia, it was Plaintiff's exclusive licensee of ARDUINO and other trademarks. (Dkt. 23 at ¶ 2.) Furthermore, SRL and Plaintiff are involved in multiple litigations and administrative proceedings in this country and others concerning the trademarks owned by Plaintiff.[1] (*See, e.g.*, Schwimmer Decl., Exs. A, B.)[2]

SRL is, upon information and belief, part of a web of companies all owned and controlled, directly or indirectly, by co-defendant Federico Musto. (Dkt. 23 at ¶6.) Defendant Gheo SA ("Gheo") in its Answer to the Complaint, admits that Mr. Musto is Chairman of the Board of SRL, as well as a record member of Gheo. (Dkt. 24 at ¶15.) Further, information available from the Chamber of Commerce in Torino, Italy,[3] indicates that Gheo owns 95% of the SRL. (Schwimmer Decl., Ex. C at 7.)

Furthermore, Gheo, in its initial disclosures, indicates that two other officers of SRL, Defendant Gianluca Martino and Daniella Antonietti, can be reached through Foley Hoag.[4] (S*ee* Schwimmer Decl., Ex. D at 2.)

In this action, Plaintiff has initiated service on the SRL via the Hague Convention in

---

[1] Arduino LLC owns various United States trademark registrations and applications including U.S. Trademark Reg. Nos. 3,931,675 and 4,113,794 for the marks ARDUINO and ARDUINO and Design. The SRL has filed petitions to cancel the registrations, and oppositions to oppose all published pending applications filed by plaintiff (hereinafter, these proceedings are collectively referred to as the "TTAB Proceedings").

[2] Plaintiff's exhibits are attached to the Declaration of Martin Schwimmer filed concurrently herewith (the "Schwimmer Decl.").

[3] Scarmagno, Italy is within the Province of Turin.

[4] The Chamber of Commerce document identifies Mr. Martino as a former board member and CEO and Ms. Antonietti as a current board member and CEO. (Schwimmer Decl., Ex. C at 7-8.)

Italy. The Italian Central Authority received the Request on June 15, 2015, but service has not yet been effected. (Schwimmer Decl., Ex. E.) There is no set time limit in which the Italian Authority is required to serve an entity, nor does it communicate dates by which service is expected. Plaintiff, therefore, requests this Court authorize service on Defendant SRL's United States counsel.

Through its Italian counsel, Plaintiff has inquired as to the status of the service on SRL and received an informal communication confirming that the Italian Authority will not provide a date certain as to service.

Because the Italian Central Authority under the Hague Convention is not bound to effect service by any specific deadline, Plaintiff has repeatedly requested that Mr. Strino—a New York attorney who is presently representing the SRL in the currently pending proceedings before the Trademark Trial and Appeal Board ("TTAB") (which proceedings concern the same trademarks that are the subject of the instant dispute)—accept service on behalf of the SRL. (*See* Schwimmer Decl. at ¶¶ 3-5.) Additionally, Plaintiff has repeatedly requested that Mr. Boudett of Foley Hoag, the law firm representing all other served Defendants served in this action, accept service on behalf of the SRL as well. (*Id.*) Both Mr. Strino and Mr. Boudett have indicated that they are not authorized by the SRL to accept service.

Clearly, both the Foley Hoag firm and the Gibbons firm are presently and regularly in contact with the SRL both directly and through Defendants Musto and Martino. As stated above, Mr. Strino is presently counsel of record in the TTAB Proceedings. Furthermore, the SRL implicitly admits possession of and familiarity with the contents of the Complaint, through its

citation of the Complaint in the TTAB proceedings.[5] (*See* Schwimmer Decl. Ex. F at 2-4.) The SRL's formalistic refusal to authorize service on its attorneys in the United States is apparently intended to delay the proceedings and, by necessitating both Hague service and now, this motion, creates an unnecessary burden on plaintiff and on this Court, and serves no legitimate purpose.

## ARGUMENT

"Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). Rule 4(h)(2) provides that service of process on a corporation generally follows the rules for service on an individual. Fed. R. Civ. P. 4(h)(2). Rule 4(f) prescribes means of serving an individual "not within any judicial district of the United States." Fed. R. Civ. P. 4(f). The various subsections of Rule 4(f) provide alternate means for service, as follows: (1) via international treaty such as the Hague Convention; (2) by a method that is reasonably calculated to give notice; or (3) by other means not prohibited by international agreement, as the court orders. *Id.*

Where service under Rule 4(f) will avoid expensive and prolonged proceedings, motions for alternate service have been granted, directing service upon counsel or even by mail or email. *See Russell Brands, LLC v. GVD Intern Trading, SA*, 282 FRD 21 (D. Mass. 2012) and cases cited therein. Service by alternate means should comply with the constitutional requirements of due process and "parties to an action must be given notice that is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Igloo Prods. Corp., v. Thai Welltex Int'l Co.*, 379 F.

---

[5] Plaintiff supplied both Foley Hoag and Gibbons with courtesy copies of the Complaint in January 27, 2015 and with the First Amended Complaint on April 23, 2015. (Schwimmer Decl. at ¶¶ 2, 4.)

Supp. 2d 18 (D. Mass. 2005) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The First Circuit has stated "[b]y its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means," such as service through counsel and by email." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015); s*ee also Orsi v. Falah*, Civ. A. 11-10451-DPW, 2012 WL 4469120, at *3 (D. Mass. Sept. 25, 2012), (aff'd Apr. 22, 2013); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Plaintiff has initiated service under the Hague Convention. However, due to the uncertain time frame for service on SRL by this method and the unique facts of this case, Plaintiff requests that this Court permit service on SRL's United States counsels so that this action may move forward in discovery with all defendants.

Because the purpose of service of process is to give the defendant legally sufficient notice of the pending action, *Volkswagenwerk*, 486 U.S., at 100, and such notice can be fairly said to be given here, Plaintiff's motion should be granted. Mr. Musto, represented by Mr. Boudett is Chairman of the Board of SRL, (dkt. 24 at ¶15), and Gheo, also represented by Mr. Boudett owns 95% of SRL (Schwimmer Decl., Ex. C). With the majority owner of SRL and its Chairman of the Board already properly served and participating in this suit,[6] SRL has notice of this lawsuit. Further, in their initial disclosures in this case, Defendants identify Musto, and two other officers of SRL, as individuals likely to have documents pertaining to the business relationship between Plaintiff and SRL, each of whom may be contacted through Mr. Boudett.

---

[6] Plaintiff also notes that Mr. Musto, Chairman of the Board of SRL, was present at the July 20, 2015 Rule 16 Conference held before this Court.

(Schwimmer Decl., Ex. D at 2.)  Since SRL has ties to more than one of the defendants in this action, SRL without question is already is on notice of the proceedings.  *See AngioDynamics*, 780 F.3d at 428-29 (affirming district court's authorization of alternate service on foreign defendants where defendants admitted awareness of the suit but would not authorize his counsel to accept service on his behalf).

Further, the SRL is 95% owned and controlled by Defendant Gheo, Mr. Boudett's client. As stated above, Mr. Boudett has already accepted service for Gheo in this action. (Dkt. 11.) Proceeding against Gheo without having served SRL will limit the discovery available to Plaintiff and frustrate its ability to ascertain the knowledge possessed by witnesses and the availability of documents during the fact discovery period.  Rather than delay discovery and this action, Plaintiff reached out to Mr. Boudett several times requesting he accept service on behalf of the SRL in addition to Gheo, but to no avail.  (Schwimmer Decl. at ¶¶ 3-4.)

In the interest of judicial efficiency, and so as to avoid further discovery in this matter, Plaintiff requests that this Court approve its request to serve SRL through its United States counsel.

## CONCLUSION

Plaintiff therefore respectfully requests the Court issue an Order permitting  service upon SRL through its United States counsel (Mr. Boudett and/or Mr. Strino) under Rule 4(f)(3), and states that it will reinforce alternate service through counsel by promptly providing copies of the summons and complaint via overnight mail to the SRL at its offices in Italy.

Dated: August 14, 2015                              Respectfully submitted,


    /John L. Welch_____
Martin B. Schwimmer (*pro hac vice*)
Victoria Polidoro (*pro hac vice*)
Lori L. Cooper (*pro hac vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Email: Schwimmer@LeasonEllis.com
Email: Polidoro@LeasonEllis.com
Email: Cooper@LeasonEllis.com

John L. Welch BBO#522040
LANDO & ANASTASI, LLP
One Main Street, 11th Floor
Cambridge, Massachusetts 02142
Telephone: (617) 395-7000
Email: jwelch@lalaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of August, 2015.

                                                      /John L. Welch/
                                                      John L. Welch