**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARDUINO, LLC,<br><br>*Plaintiff*,<br><br>-v-<br><br>ARDUINO S.R.L. f/k/a SMART PROJECTS S.R.L.; GHEO SA; CC LOGISTICS, LLC; MAGYC NOW LTD; DOG HUNTER INC.; DOG HUNTER LLC; DOG HUNTER AG; TULYP HOLDING SA; GIANLUCA MARTINO; FEDERICO MUSTO; and DOES 1-10,<br><br>*Defendants*. | Civil Action No.: 1:15-cv-10181-DJC |

**PLAINTIFF'S MOTION AND MEMORANDUM**
**FOR MODIFICATION OF THE SCHEDULING ORDER (UNOPPOSED)**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(g), Plaintiff Arduino LLC ("Arduino" or "Plaintiff") respectfully requests that the dates in the current Scheduling Order (dkt. 35) be extended by sixty (60) days to allow the parties sufficient time to manage the unexpected amount of electronically stored information being produced in this case and to complete discovery (including multiple depositions) in an orderly fashion. Counsel for Defendants in this action has indicated that the Defendants will not oppose Plaintiff's request.

I. **PROCEDURAL POSTURE**

Plaintiff filed its original Complaint on January 23, 2015 and its First Amended Complaint on April 23, 2015. The Scheduling Order was entered on July 22, 2015. The first named Defendant Arduino S.r.l. f/k/a Smart Projects S.r.l. was served August 17, 2015. Defendants served their first set of discovery requests on August 28, 2015. Plaintiff has made

4578198.1

three productions to Defendants between November 4, 2015 and December 18, 2015. Plaintiff served discovery requests on various dates between December 18, 2015 and December 31, 2015. Defendants' deadline to serve discovery responses is February 5, 2016.

Counsel for the parties conferred by telephone on February 3, 2016 in order to discuss the status of discovery and facilitate its orderly and timely completion. Counsel discussed several outstanding discovery issues, including completion of paper discovery and scheduling of discovery depositions. Both sides acknowledged that they are dealing with an unexpectedly large volume of electronically stored information. Before depositions may proceed, each party must review and digest large volumes of material

## II.  ARGUMENT

A court may modify its scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). When seeking to modify a scheduling order, the good cause standard focuses on the diligence of the moving party. *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 3 (1st Cir. 2013). Prejudice to the opposing party caused by the delay is also relevant. *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).

Good cause exists in this case to extend the deadlines of the Scheduling Order.

The unanticipated amount of electronically-stored information, and the difficulty in collecting, reviewing, and preparing those materials for production to the other party have delayed Plaintiff's ESI production. Plaintiff believes that it is now in possession of all relevant ESI and has committed to rolling productions beginning February 5, 2016. Counsel for Defendants in the February 3, 2016 conference also indicated that they were surprised by the volume of electronically stored information collected from Defendants. By the time the parties complete their productions, which will likely take at least three of the five and a half weeks

remaining in the current discovery period, there will be little time to effectively review and evaluate the productions in time to take depositions prior to March 15, 2016, the current deadline for fact discovery. This shortage of time has only enhanced by the inherent scheduling issues posed by scheduling the depositions of at least seven individuals who live in at least four different countries.

Defendants will not be prejudiced by the extension of the discovery deadlines set forth in the scheduling order. Defendants will benefit the same as Plaintiff from the additional time to review documents and prepare for depositions.

## III.     CONCLUSION

Because good cause exists in this case to modify the scheduling order and none of the parties will be prejudiced by the extension, Plaintiff respectfully requests that this Court extend all of the dates in the current scheduling order by sixty (60) days to allow for the parties to efficiently complete document production and depositions.

Dated: February 5, 2016                                 Respectfully submitted,

/s/ John L. Welch
John L. Welch BBO#522040
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
Telephone: (617) 646-8000
Email: John.Welch@WolfGreenfield.com

Martin B. Schwimmer (*pro hac vice*)
Lori L. Cooper (*pro hac vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Email: Schwimmer@LeasonEllis.com
Email: Cooper@LeasonEllis.com

*Attorneys for Plaintiff*

## **CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel for Plaintiff, Arduino, LLC, hereby certifies that he conferred with counsel for Defendants, and that said Defendants have indicated that they do not oppose this motion.

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ John L. Welch
      John L. Welch